**ROBERT HELLER ASSOCIATES, INC., Plaintiff,**

v.

**SPERRY UNIVAC DIVISION OF SPERRY RAND CORPORATION, Defendant.**

No. 78 Civ. 2250 (CHT).

United States District Court, S. D. New York.

June 23, 1978.

Jaffe & Asher, New York City, for plaintiff; Peter A. Jaffe, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, Arnold & Porter, Washington, D. C., for defendant; David R. Baker, Bennett H. Last, New York City, Abe Krash, Irvin B. Nathan, Washington, D. C., of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff Robert Heller Associates, Inc. ("Heller") has brought this antitrust action against the Sperry Univac Division of Sperry Rand Corporation ("Univac"), alleging that Univac, through the "exercise of its dominance and control over plaintiff," forced the plaintiff to execute maintenance contracts with Univac for computers leased by Heller from Univac. Heller asks this Court to declare that such arrangement constituted an illegal tie-in forbidden under Section 1 of the Sherman Act, 15 U.S.C. § 1. In addition, Heller seeks treble damages and a permanent injunction against future illegal conduct by Univac. These parties are also involved in litigation in New York State Supreme Court, as a result of which Heller has moved this Court for a preliminary injunction against Univac and "any Sheriff or Marshall of the City of New York" prohibiting them from participating in any seizure or other taking of the leased computers pursuant to the directions of the state court. For the reasons stated below, the motion is denied.

By agreement dated January 1, 1976, plaintiff Heller purchased a computer facility from New York University. Most of the equipment in this facility had either been purchased or leased from Univac and was maintained by Univac pursuant to contract. Heller alleges that when time came to renew the leases, Heller did not want to renew all of the maintenance contracts but was forced to do so by Univac as a condition for the renewal of the leases. Affidavit of Richard Shemtob, sworn to June 8, 1978,

¶¶ 6–10; Amended Complaint ¶¶ 7–11. Thus, at the end of 1976 and the beginning of 1977, Heller executed leases and rental and service agreements with Univac. Univac alleges that Heller has made no payments under these agreements since April 1977, and that Univac informed Heller on or about July 22, 1977 that it would therefore repossess the leased equipment pursuant to its rights under the agreements. Affidavit of Bennett H. Last, sworn to June 13, 1978, ¶¶ 2–5.

Univac filed the state court action with which we are here concerned on March 28, 1978. *Sperry Univac Division of Sperry Rand Corporation v. Robert Heller Associates, Inc.*, Index No. 5265/78 (Sup.Ct.N.Y. Co.). In that action Univac sought both money due and owing under the agreements as well as the replevy of the leased computer equipment. The latter remedy was specifically requested by a motion, also filed on March 28, for an order of seizure pursuant to Article 71 of the N.Y.C.P.L.R.

The present federal case was filed on May 16, 1978, some seven weeks after the commencement of the state court action. Notwithstanding the fact that Univac had moved in the state court for the seizure of the computers, Heller sought no federal relief from the possibility of such an occurrence until June 8, 1978, when Heller obtained an order to show cause why a preliminary injunction preventing the seizure should not be granted.[1] The application followed by almost one week the filing of a memorandum by Justice Shainswit of the Supreme Court indicating that Univac's motion for an order of seizure would be granted and directing the parties to settle such an order. *Sperry Univac Corporation [sic] of Sperry Rand Corporation v. Robert*

*Heller Associates, Inc.*, Index No. 5265/78 (Sup.Ct.N.Y.Co. June 2, 1978).

The instant application for a preliminary injunction was argued on June 13, 1978. The next day, June 14, Justice Shainswit entered an order directing the "Sheriff of New York County . . . to seize from defendant, forthwith" certain specified pieces of computer equipment.

■ Even though the plaintiff argues that the necessary prerequisites for a preliminary injunction—likelihood of success on the merits and irreparable injury—are present in this case, the fact that any preliminary injunction entered here will have an impact on a pending state court proceeding requires this Court to consider the effect of the Anti-Injunction Act, 28 U.S.C. § 2283, upon the Court's power to enter the requested injunction. That statute provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Any doubt concerning the applicability of this statute to the instant case was dispelled by the Supreme Court's recent decision in *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977). In that case, five Justices held, in the common ground of two distinctly different opinions, that the injunction section of the Clayton Act, 15 U.S.C. § 26, does not serve as an exception to the general rule of the Anti-Injunction Act where federal relief is sought against proceedings to collect on a state court judgment.[2] In most respects,

---

1. The plaintiff also applied for a temporary restraining order embodying the same relief; the application was denied.

2. The plaintiff has attempted to alter the effect of *Vendo* on the instant case by relying on the *Vendo* dissent's view that the concurring opinion of Justice Blackmun and the Chief Justice in that case establishes the proposition that "an injunction properly entered pursuant to § 16 of the Clayton Act" comes within one of the exceptions to the Anti-Injunction Act.

*Vendo Co. v. Lektro-Vend Corp., supra*, 433 U.S. at 661, 97 S.Ct. at 2902 (Stevens, J., dissenting). Whether or not Justice Stevens's interpretive prediction is accurate, a question on which this Court expresses no opinion, the virtual identity of the facts of this case with those of *Vendo*, as discussed in the text, indicates that the decision in *Vendo* must govern the result here.

the *Vendo* case is identical to the case at bar: here, as in *Vendo*, a federal antitrust plaintiff seeks relief against the effects of an earlier-commenced state court proceeding brought by the federal defendant. Here, as in *Vendo*, there is but one state court proceeding involved and no allegation that the state court action is a "part of a 'pattern of baseless, repetitive claims.' " *Id.* at 644, 97 S.Ct. at 2894 (Blackmun, J., concurring).

 Heller attempts to distinguish this case from *Vendo*, however, by arguing that "[i]n the instant case, there is no state judgment or even a state order which is to be enjoined." Plaintiff's Memorandum 6. Of course, the latter statement is no longer factually accurate since Justice Shainswit has now issued the order called for in her earlier opinion. But even if there were no order or judgment in the state action, the injunction requested would still be improper. Heller asks that this Court direct the activities of Univac, the state plaintiff, and the Sheriff who would execute any order of the state court. The Supreme Court has held that "the prohibition of § 2283 cannot be evaded by addressing the order to the parties." *Atlantic Coast Line R. R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). Furthermore,

> [t]he prohibition of § 265 [the predecessor of § 2283] is against a stay of "proceedings in any court of a State." That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. . . It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective.
> . . .

*Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935).

The plaintiff argued in court that application of section 2283 to the instant case would create a precedent which would allow any federal antitrust defendant to frustrate the decrees of the federal court simply by instituting a state court action on the eve of the entry of any federal order and then invoking the bar of the Anti-Injunction Act. Such a scenario does not correspond either to the facts of *Vendo* or to those of the instant case. Here, the state court action was instituted seven weeks before the federal action. Indeed, if there was any delay or dereliction involved here it was on the part of the federal *plaintiff*—Heller—who delayed asking this Court to act until the very eve of entry of a state court order. So too in *Vendo*, where the state court proceeding was begun before the federal action and the federal plaintiff allowed the federal action to lie dormant for nine years while the state court action was litigated, not asking for federal relief until the day after the last battle in the state action had been lost.

Accordingly, the Court concludes that it is prohibited from entering the requested preliminary injunction by the Anti-Injunction Act, and the plaintiff's motion is denied.

So ordered.